## SCHUBERT v. KAPLAN.

(Supreme Court, Appellate Term. April 10, 1908.)

BROKERS—COMMISSIONS—ACTIONS—EVIDENCE.

Where a broker, suing for commissions, showed that he was employed to procure a purchaser of real estate on terms specified, and that he called the property to the attention of a third person, who examined it, and after conferences with the agent of the owner purchased it on the terms specified, it was error to dismiss the complaint at the close of his evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edward F. Schubert against George Kaplan. From a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Jacob Friedman, for appellant.

Monfried & Feinberg, for respondent.

PER CURIAM. We think that the complaint was improperly dismissed, and that the judgment should be reversed, and a new trial ordered.

The plaintiff testified that the defendant employed him as a broker to procure a purchaser for a certain piece of real estate owned by the defendant upon terms specified. The plaintiff called the property to the attention of one Green, who examined it, and had several conferences in reference to it with Fierman, whom the defendant had admitted was his agent in charge of the property. After several conversations with Fierman, Green purchased the property upon the terms at which the defendant had authorized the plaintiff to sell it. In a conversation with Fierman, Green said:

"It is not very nice to let Mr. Schubert [plaintiff] not know about that business transaction."

And Fierman replied:

"What do you care, Mr. Green? If we have to pay any commissions, Mr. Kaplan [defendant] will have to pay it."

The witness Green corroborated the testimony of the plaintiff. The plaintiff proved, by testimony that was uncontradicted, that he was employed by the defendant, that he procured a purchaser who purchased the property, and he ought not to have been turned out of court remediless.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.